UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHERINE SPIEKERMAN, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. |
| | § | |
| vs. | § | _____ |
| | § | |
| RANGE RESOURCES CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

The plaintiff, Katherine Spiekerman ["Plaintiff" or "Spiekerman"], complains of Range Resources Corporation, ["Defendant" or "Range Resources"], and in support, shows as follows:

1. Spiekerman is a citizen of the United States and a resident of the State of Texas.

2. Spiekerman is a former Accounting Clerk II for Range Resources and she has been subjected to unlawful employment practices committed at Range Resources's place of business in the State of Texas, Northern District, Fort Worth Division.

3. Range Resources is an independent oil and gas company operating in Texas and other states, primarily in the southwestern United States.

4. A. Range Resources is a Delaware limited corporation, that maintains its principal place of business in Tarrant County at 100 Throckmorton Street, Ste. 1200, Fort Worth, Texas 76102, and this action accrued in whole or in part at that place of business.

B. Range Resources may be served with process by serving the registered agent for Range Resources in Texas:

David Poole, at

100 Throckmorton Street
Suite 1200
Ft. Worth, TX 76102

5.   A.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(4), and 28 U.S.C. §1337.   This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* as amended by the Civil Rights Act of 1991 [Title VII], and 42 U.S.C. §1981.   The complaint seeks declaratory relief pursuant to 28 U.S.C. §§2201, 2202.

6.   This is a proceeding for compensatory and punitive damages, injunctive and other legal and equitable relief available to secure the rights of Spiekerman under Title VII.   It is brought to prevent Range Resources from maintaining policies, practices, customs or usages of discriminating against Spiekerman in regard to terms, conditions, and privileges of employment in violation of Title VII.

7.   The matter in controversy exceeds, exclusive of interest and costs, the minimum jurisdictional limits of this Court.

8.   At all times material to this action, from approximately June 2008 to her termination on February 16, 2009,  Spiekerman was an Accounting Clerk II for Range Resources.

9.   A.   At all times material to this action, Feliz Mantzke ["Mantzke"] was an Accounting Manager for Range Resources.
     B.   At all times material to this action, Mantzke  was an agent, supervisor, manager and/or vice-principal of Range Resources.

10.  A.   At all times material to this action, Carol Culpepper ["Culpepper"] was Human Resources Manager for Range Resources.
     B.   At all times material to this action, Culpepper was an agent, supervisor, manager and/or vice-principal of Range Resources.

11.  At all times material to this action, the above listed persons and Range Resources's

other managers, supervisors and employees, acted in their capacity as agents, managers, supervisors, and/or vice-principals of Range Resources.

12. At all times material to this action, the above-listed managers, supervisors and agents and Range Resources's other managers, supervisors and employees acted in the course and scope of their employment with Range Resources.

13. At all times material to this action, Range Resources, through its managers, supervisors and employees, either committed, or authorized, encouraged, condoned and/or ratified the conduct complained of herein, and therefore is responsible for all of the conduct.

## **TITLE VII CLAIM**

14. All conditions precedent to the filing of this suit have been met.

15. At all times material to this action, Range Resources employed at least fifteen (15) employees and is an employer within the meaning of Title VII..

16. A. Range Resources employs more than 100 employees;
    B. Range Resources employs more than 200 employees;
    C. Range Resources employs more than 500 employees.

17. All conditions precedent to the filing of this suit have been met:

    A. On February 27, 2009, Spiekerman filed a charge of discrimination with the Equal Employment Opportunity Commission, Charge No. 450-2009-02067, alleging sex and retaliation discrimination;
    B. On February 27, 2009, Spiekerman received her Notice of Right to Sue from the EEOC.

18. Spiekerman alleges that Range Resources engaged in a continuing pattern and course of discriminatory conduct against her throughout her employment up to and including her termination, in retaliation for her opposition to discriminatory employment practices in violation of Title VII:

  A. Range Resources, through its agents, supervisors and/or employees, retaliated against Spiekerman for having opposed conduct, including to Culpepper, which she had a good faith belief was discriminatory (including based on sex) and/or retaliatory;

  B. On or about February 16, 2009, Range Resources, through its agents, supervisors and/or employees, terminated the employment of Spiekerman at least in part due to her opposition to discrimination.

19. Range Resources engaged in the conduct described above with malice or reckless indifference to the Title VII employment rights of its employees including Plaintiff.

20. Spiekerman has no plain or adequate remedy at law to correct the wrongs complained of herein, and has thus instituted this suit for damages, including compensatory and punitive damages, declaratory relief and injunctive relief provided for under Title VII, as amended. Further, Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs and usages set forth herein.

21. Spiekerman requests that this Court grant her the following relief from Defendant:

  A. A declaratory judgment against Range Resources, declaring Defendant's past practices complained of herein to be unlawful under Title VII;

  B. A permanent injunction, enjoining Range Resources from continuing to retaliate against Plaintiff on account of her opposition to the discriminatory employment practices, in violation of Title VII;

  C. Backpay, front pay, retroactive seniority, pension benefits, bonus payments, health benefits, and any other relief necessary to compensate her for her damages, pursuant to Title VII;

  D. Compensatory and punitive damages including damages for mental anguish, humiliation, loss of privacy, loss of reputation and emotional distress relating to her Title VII claims in the maximum amount prescribed by law;

  E. Implementation of a clear and effective grievance procedure for employment discrimination complaints with an effective non-retaliation provision, effective training, and dissemination of grievance and non-

        retaliation provisions to all employees of Range Resources;

F.    Attorney fees from Range Resources as necessary for the prosecution of her Title VII claims;

G.    Costs for the prosecution of her Title VII claims, including the cost of expert witness fees;

H.    Pre-judgment interest at the legally prescribed rate from the date of the violations until judgment as well as post-judgment interest as applicable;

I.    Such other general relief to which Plaintiff shows herself justly entitled.

**JURY DEMAND:**

22.    Spiekerman demands a jury on all of her Title VII claims; specifically, the ultimate issues of fact as to the merits of the dispute, backpay, frontpay, employee benefits, and compensatory and punitive damages, excepting the attorneys' fees issues.

Respectfully submitted,

/s/ Christine Neill
_____
Christine Neill
State Bar No.00796793
Law Office of Christine Neill
2214 Main Street
Dallas, Texas 75201
(214)748-7777
(214)748-7778 (facsimiles)
cneill@dallasemployeelaw.com

ATTORNEY FOR PLAINTIFF